**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01629-DOC-KES                                              Date: September 17, 2025

Title: Isabel Simental v. The Hanover Insurance Company

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [15]**

Before the Court is a Motion to Remand ("Motion" or "Mot.") (Dkt. 15) brought by Plaintiff Isabel Simental ("Plaintiff"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion and **REMANDS** this case to the California Superior Court for the County of Orange.

**I.    Background**

   **A.    Facts**

This case arises from numerous employment claims submitted by Plaintiff alleging harassment from the Defendants, The Hanover Insurance Company, a New Hampshire corporation ("Hanover"), and Melissa Gutzman ("Ms. Gutzman"), erroneously sued as "Melissa Guzman"), (collectively "Defendants") based on Plaintiff's disability complaint ("Compl.") ¶ 20. (Dkt. 1). Plaintiff raises claims of retaliation in violation of California Labor Code section 1102.5, wrongful termination in violation of public policy, failure to pay overtime wages, waiting time penalties, failure to provide accurate wage statements, violation of unfair competition laws, Private Attorneys General Act ("PAGA"), failure to

Case 8:25-cv-01629-DOC-KES   Document 19   Filed 09/17/25   Page 2 of 8   Page ID #:155

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01629-DOC-KES								Date: September 17, 2025

Page 2

provide reasonable accommodation, disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), retaliation in violation of FEHA, retaliation in violation of California Family Rights Act ("CFRA"), work environment harassment, and failure to prevent harassment, discrimination, and retaliation. *Id.*

### B.  Procedural History

Plaintiff filed her Complaint against Defendants on June 23, 2025, in Orange County Superior Court. Notice of Removal (Dkt. 1). Compl. ¶ 4. *See also* Declaration of Leo P. Norton in Support of Defendants' Removal of Action to Federal Court ("Norton Decl.") (Dkt. 1-1) ¶ 2. Plaintiff served Hanover with the Summons and Complaint on June 25, 2025. *Id.* ¶ 4. *See also* Norton Decl. ¶ 3. Plaintiff did not serve Ms. Gutzman with the Summons and Complaint until August 7, 2025. Prior to this, Hanover and Ms. Gutzman jointly filed an answer to Plaintiff's complaint on July 23, 2025. *Id.* ¶ ¶ 5-6. *See also* Norton Decl. ¶ ¶ 4-5. *See generally* Ex. B (Dkt. 1-3). On July 25, 2025, Defendants removed this action to federal court. *Id.* Plaintiff filed and gave notice of Motion to Remand on August 22, 2025. *See generally* Mot. Defendants filed their Opposition to the Motion on August 29, 2025. Opposition. ("Opp'n") (Dkt. 16). On September 4, 2025, Plaintiff subsequently filed her Reply (Dkt. 18).

## II.  Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. Ninth Circuit precedent has long recognized the strong presumption against removal and that statutory removal procedures are to be strictly construed against removal. *See Prize Frize, Inc., v. Matris (U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999), *superseded by statute on other grounds as stated in City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (holding that the party seeking removal bears the burden of establishing federal jurisdiction); *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985); *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d

Case 8:25-cv-01629-DOC-KES   Document 19   Filed 09/17/25   Page 3 of 8   Page ID #:156

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01629-DOC-KES                                  Date: September 17, 2025

Page 3

1187, 1190 (9th Cir. 1970) (finding a presumption that federal courts "are without jurisdiction unless the contrary affirmatively appears").

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

## III. Discussion

The forum defendant rule provides that "[a] civil action otherwise removable . . . may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).

Defendants argue that so long as removal is achieved before the in-forum defendant is served, the forum defendant rule does not apply. This position has been dubbed "snap removal." *Cadena v. Polaris Indus. Inc.*, No. 3:23-cv-00443-YY, 2023 U.S. Dist. LEXIS 165026, 2023 WL 6004228, at *2 (D. Or. Aug. 15, 2023). The three categories of snap removal cases are: 1) when an out-of-forum defendant attempts to remove to federal court before *any* defendant is served; 2) when an in-forum defendant attempts to remove before they themselves or another in-forum defendant is served; and 3) when an out-of-forum defendant attempts to remove before the in-forum defendant is served. *See* 2023 U.S. Dist. LEXIS 165026, WL at *3. This case falls into the third category.

The Ninth Circuit has not ruled directly on the issue of snap removal argued by the Defendants here. Recently, though, the Ninth Circuit held that removal before a case has been officially filed in a California superior court, called "super snap removal," is not permitted. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 965 (9th Cir. 2024) ("While the final chapter on snap removals in the Ninth circuit remains to be written, today we close the book on California defendants' attempts at ever-snappier snap removals.") In the absence of circuit authority, lower courts have generally: 1) denied remand after an

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01629-DOC-KES                                    Date: September 17, 2025

Page 4

analysis of the statute's plain language; 2) granted remand after finding that a literal interpretation of the statute would lead to an absurd result; 3) granted remand as long as one defendant had been served; or 4) granted remand after an analysis of the statute's plain language and legislative history. *See Talbot v. Tokarski*, No. CV-14-117-BLG-SPW-CSO, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (D. Mont. Oct. 24, 2014); *McAboy v. Intel Corp.*, No. 3:21-cv-01773-IM, 2022 U.S. Dist. LEXIS 8704, 2022 WL 1519081, at *3-6 (D. Or. May 13, 2022); *Gentile v. Biogen Idec, Inc.*, 934 F. Supp. 2d 313, 318-22 (D. Mass 201).

Courts are split on whether the forum defendant rule applies when a forum defendant was not served due to the timing of removal, but then is subsequently served. For example, some courts have found that the language of the statute is intended to prevent fraudulent joinder for the purpose of destroying diversity. *See Khashan v. Ghasemi*, No. 10-cv-00543-MMM, 2010 WL 14444884, at *2 (C.D. Cal. Apr. 5, 2010) (The "'properly joined and served' language of § 1441(b) does not prevent a finding that the removal was procedurally defective."). And as Judge Pfaelzer noted, allowing the "snap removal" advocated for "would eviscerate the purpose of the forum defendant rule" by allowing "removability to turn on the timing of service rather than the diversity of the parties." *Mass. Mut. Life Ins. Co. v. Mozilo*, No. 2:12-cv-03613-MRP, 2012 WL 11047336, at *2 (C.D. Cal. June 28, 2012); *see also Deutsche Bank Nat'l Tr. Co. v. Old Republic Title Ins. Grp., Inc.*, 2021 WL 1254352, at *6 (D. Nev. Apr. 2, 2021) ("snap removal runs counter to the expressly limited nature of diversity jurisdiction, courts' presumption against removal, public policy considerations surrounding plaintiff's choice of forum, and Congress' rejection of gamesmanship when originally enacting § 1441(b)(2).").

Here, it is undisputed that Ms. Gutzman was not served prior to Defendants removing. *See* Notice of Removal. Only Hanover was served before the removal. *Id*. The parties dispute whether removal was proper under Section 1441(b) prior to Ms. Gutzman being served. Further, Hanover claims that Ms. Gutzman is a sham defendant and is joined fraudulently. *Id.*

### A. Defendants Bear the Burden to Establish Federal Jurisdiction

The burden is on the Defendants to establish that removal is proper under the removal statute; Defendants must first establish that this action qualifies for removal, even with application of the forum defendant rule. Once Defendants have shown this,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01629-DOC-KES                               Date: September 17, 2025

Page 5

the burden will then shift to Plaintiffs to establish an exception to removal. Defendants have not completed the first step and have not met their burden here.

### B. 28 U.S.C. § 1441 Does Not Allow Defendants to Avoid the Forum Defendant Rule Through Removal Before Service

#### 1. The Context, History, and Purpose of the Statute Evince Congress's Intent to Require Service Before Removal

In interpreting a statute, courts should examine the statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Talbot v. Tokarski*, No. CV-14-1170BLG0SPW-CSO, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *1 (D. Mont. Oct. 24, 2014) (citing *Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991)). While "the authoritative statement is the statutory text, not the legislative history," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 568 (2005), the court may look beyond the plain statutory meaning if the language is ambiguous, or would lead to an absurd result. *Talbot*, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (citing *Safe Air for Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1099 (9th Cir. 2007)).

Reasonable minds have disagreed as to the meaning of Section 1441's language. If a possibility exists that the meaning of the statute's text is ambiguous, then courts may look beyond plain statutory meaning. *Talbot*, 2014 U.S. Dist. LEXIS 151331, 2014 WL 5437035, at *2 (citing *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200 (1993)). While the authoritative statement is unquestionably the statutory text, the Supreme Court cautions against "constru[ing] words 'in vacuum.'" *Gundy v. United States*, 588 U.S. 128, 141 (2019) (citing *Davis v. Michigan Dep't of Treasury*, 489 U.S. 803, 809 (1989)). A fundamental canon of statutory interpretation is that the words of a statute must be read holistically, with an eye to their context, history, and purpose to divine the meaning of the language. *Id*. If an interpretation of the statutory text produces not an absurd result, but "merely an unreasonable one 'plainly at variance with the policy of the legislation as a whole,'" courts must follow the interpretation of the text that is in harmony with its purpose. *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (citations omitted).

Courts have engaged in extensive historical analyses of Section 1441(b)(2) in order to unearth Congress's intent behind enacting the statute. As other courts have

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01629-DOC-KES                                          Date: September 17, 2025

Page 6

found, the original purpose of diversity jurisdiction was "based on the desire of the Framers to assure out-of-state litigants courts free from susceptibility to potential local bias." *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (citing *Lumbermen's Mut. Cas. Co. v. Elbert*, 348 U.S. 48 (1954) (Frankfurter, J., concurring)); *see also Gentile*, 934 F. Supp. 2d at 319-20 (citing the Federalist Papers' description of the roots of diversity jurisdiction, and tracing the origins of the Section 1441(b) "properly joined and served" limitation to an overarching Supreme Court desire at the time of the revision to prevent plaintiffs from defeating removal by fraudulently joining a forum defendant). An interpretation of the forum defendant rule that would allow a forum defendant to remove an action to federal court would clash with the policy behind the statute. The risk of a defendant suffering local bias does not apply when the defendant seeking removal is a citizen of the forum state. As the Ninth Circuit has stated, "Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court . . . The need for such protection is absent, however, in cases where the defendant is a citizen of the state in which the case is brought." *Lively v. Wild Oats Mkts.*, 456 F.3d 933, 939 (9th Cir. 2006).

Moreover, the recent advent of the Internet and electronic case dockets, which allow snap removal, underscores the conclusion that Congress could not have intended to permit this practice. As one court reasoned, a Congress sitting in the 1940s could not have adequately had these concerns in mind:

> "Congress could not have anticipated the tremendous loophole that would one day manifest from technology enabling forum defendants to circumvent the forum defendant rule by, inter alia, electronically monitoring the state court dockets. Thus, Congress would have had no thought to wording the statute with this modern problem in mind."

*Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640. 645 (D. N.J. 2008). Following this logic, the Court agrees that a literal interpretation of Section 1441(b) disrupts the policy behind the forum defendant rule. That interpretation also unfairly advantages defendants with the resources to continuously monitor dockets nationwide, who can obtain notice of litigation before they are served. *Gentile*, 934 F. Supp. 2d at 321.

This case lacks complete diversity because the Plaintiff and Ms. Gutzman share California citizenship. Notice of Removal (Dkt. 1) ¶¶ 11,16 . Therefore, Ms. Guzman is

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-01629-DOC-KES                                            Date: September 17, 2025

Page 7

a forum defendant. She was not served before Defendants filed for removal, violating the forum defendant rule. Thus, removal was not proper before she was served.

### 1. Sham Defendants

Defendants argue that Ms. Gutzman is a sham defendant who was added merely to defeat diversity.

When analyzing whether the complete diversity requirement is satisfied courts disregard the citizenship of "sham defendants." *Nasrawi v. Buck Consultants, LLC*, 779 F. Supp. 2d 1166, 1169 (E.D. Cal. 2011) ("[R]emoval is proper despite the presence of a non-diverse defendant if that defendant is a 'fraudulently joined' or 'sham' defendant."). In the Ninth Circuit, a non-diverse defendant is deemed a "sham defendant" if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not recover against that defendant. *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (*citing Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly 'sham' defendants." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 995 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug. Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). The defendant seeking removal to federal court has the burden of showing that a defendant was fraudulently joined and is entitled to present facts showing that the joinder is fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). All disputed questions of fact, however, are resolved in favor of the plaintiff. *Id*. Additionally, a finding of fraudulent joinder compels dismissal of the sham defendants. *Isaacs v Broido*, 358 Fed. Appx. 874, 876 (9th Cir. 2009).

Defendants claim that Ms. Gutzman is a sham defendant and should not be considered for diversity purposes. Opp'n at 8 (Dkt. 16). Defendants bear the burden of proving that joinder of Ms. Gutzman was fraudulent. *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d at 807. Defendants argue that Plaintiffs do not have a viable claim against Ms. Gutzman for harassment. *Id*. at 10. Plaintiff counters that Ms. Gutzman treated her poorly upon returning from medical leave and she was subject to suspicion, scrutiny, and pushback. ("Compl.") ¶ 18. (Dkt. 1). Further, Plaintiff alleges that Ms. Gutzman was upset that she needed to handle Plaintiff's workload while she was out on medical leave. ("Compl.") *Id.* Therefore, Plaintiff claims she dealt with harassment from Ms. Gutzman due to this increased workload. ("Compl.") ¶ 95. (Dkt. 1). Resolving disputes of fact in

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01629-DOC-KES | Date: September 17, 2025 |
| | Page 8 |

favor of the Plaintiffs, the Court finds that Defendants have not met their burden to show that Ms. Gutzman is a sham defendant who should be ignored for diversity purposes.

### IV.  Disposition

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to Orange County Superior Court. All upcoming court dates are **VACATED**.

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11 | Initials of Deputy Clerk: kdu |

CIVIL-GEN